UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DEXTER ROGERS, *Individually and as* | ) |
| *Personal Representative of the estate of* | ) |
| Carrie Bell Rogers, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CAUSE NO. 1:16-CV-00429-RL-MGG |
| | ) |
| THE OFFICE OF THE ATTORNEY | ) |
| GENERAL, CASE ANALYST JENNIFER | ) |
| PRUITT, ATTORNEY KELLY PAUTLER, | ) |
| and CHIEF JUDGE CRAIG BOBAY, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is a "Motion to Disqualify Attorney Generals' Office from Representing the Defendants Stemming from Conflict of Interest" [DE 11] filed on January 13, 2017, by *pro se* Plaintiff Dexter Rogers, individually and as personal representative of the estate of Carrie Bell Rogers and the estate of Premius Rogers ("Rogers"). In the motion, Rogers seeks to disqualify the Indiana Attorney General's Office (the "IAG's Office") from representing itself, Deputy Attorney General Kelly Pautler, Case Analyst Jennifer Pruitt, and Chief Judge Bobay (collectively, the "State Defendants"), due to a purported conflict of interest. The State Defendants filed a response to the motion on January 23, 2017 [DE 18], and Rogers filed a reply on February 1, 2017 [DE 22].

For the following reasons, Rogers's motion to disqualify will be DENIED.

1

I.   **RELEVANT BACKGROUND**

Rogers filed a nearly identical motion to disqualify the IAG in a civil rights action against various courts and judges just last year. This Court denied that motion on July 28, 2016. *See Rogers v. Allen County Superior Court*, Cause No. 1:16-cv-40-RL-SLC [DE 52].

The current action stems from a medical malpractice case Rogers filed in state court against Parkview Hospital, Inc. ("Parkview") and its chief executive officer, Michael J. Packnett. *See Rogers v. Anonymous Physician A*, No. 02D03-1401-CT-000039 (filed Jan. 22, 2014). Rogers later sued several courts and judges, alleging various violations of his civil rights stemming from the medical malpractice case. *Rogers v. Allen County Superior Court*, 1:16-cv-40-RL-SLC [DE 1; DE 47 at ¶ 2]. Through the instant action, Rogers is suing more government entities and officials in a Title VI claim.

As Rogers sees it, the IAG's Office must be disqualified from representing itself in this action due to a purported conflict of interest arising from Deputy Attorney General Kelly Pautler's representation of the medical professional defendants in Rogers's original state case prior to Pautler joining the IAG's Office. Pautler, who is now the Assistant Section Chief of the Civil Litigation Section of the IAG's Office, has not appeared in this action, but apparently "has consistently kept abreast of the happenings of [Rogers's state claim]." Rogers does not allege that any information Pautler received was not public.[1] Rogers is also concerned because Pautler was employed at the IAG's Office before he filed his consumer complaint. Additionally, Rogers is concerned about Pautler's playing an integral role in case management at the time he filed his first civil rights action. Rogers fears that Pautler shared "information regarding the status" of his

---

[1] In his first motion to disqualify, Rogers alleged that Pautler received a "Notice of Completion of Clerk's Record" in his state case after she joined the IAG's Office. *Rogers v. Allen County Superior Court*, 1:16-cv-40-RL-SLC [DE 47 at ¶ 12]. The Notice, which Rogers attached to his motion, consists of a single page and indicates that it had a "Chronological Case Summary" attached to it. [*Id.* at 19-20].

2

original medical malpractice claim with another Deputy Attorney General, Benjamin Jones, who represented the defendants in the first civil rights action. [DE 11 at 6].

Rogers alleges that Jones failed to exercise the level of due diligence in screening to avert a potential conflict of interest with respect to Pautler regarding the original medical malpractice claim, his consumer protection claim, and the two civil rights claims. As Rogers sees it, Pautler has a conflict of interest in this action imputable to Jones and the IAG's Office, necessitating their disqualification. Jones has not made an appearance in the present civil rights claim, and Rogers has not alleged a conflict with respect to the attorney of record, Deputy Attorney General David Arthur. Presumably, Rogers means to argue that the same argument applies against Arthur. Regardless, of whether Rogers intends to disqualify Jones or Arthur in the present motion, the analysis is the same.

## II. ANALYSIS

### A. Legal Standard

Pursuant to Local Rule 83-5(e), the Northern District of Indiana has adopted the Indiana Rules of Professional Conduct and the Seventh Circuit Standards of Professional Conduct as the standard of professional conduct. *See* N.D. Ind. L.R. 83-5(e). In his motion, Rogers cites Indiana Rules of Professional Conduct 1.0 (e) (terminology: informed consent); 1.0 (k) (terminology: screening); 1.7 (conflicts of interest: current clients); 1.9 (conflicts of interest: former clients); 1.10 (imputation of conflicts of interest); and 1.11 (special conflicts of interest for former and current government officers and employees).

"The disqualification of an attorney is a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Mills v. Hausmann-McNally, S.C.*, 992 F. Supp. 2d 885, 890 (S.D. Ind. 2014) (quoting *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993)).

"Accordingly, motions to disqualify are treated with 'extreme caution.'" *Id*. (quoting *Freeman v. Chi. Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982)). "Caution is warranted both because disqualification motions 'can be misused as techniques of harassment,' and because the consequences of disqualification are so grave—'destroy[ing] a relationship by depriving a party of representation of their own choosing.'" *Id*. (alteration in original) (quoting *Freeman*, 689 F.2d at 722). "[T]he moving party bears the burden of concretely establishing the necessity of disqualification." *Id*. at 891 (citation omitted).

## B. Discussion

The parties have both expressed a preference "not to reinvent the wheel or to repeat the arguments." [DE 18 at 2; DE 22 at 3]. Therefore, this Court will largely reiterate what has already been said in Judge Collins's thorough and well-reasoned opinion regarding Rogers's motion to disqualify in his first civil rights case. As a threshold matter, "[t]he general rule accepted by most federal jurisdictions is that only a current or former client has standing to seek disqualification of an attorney from a matter pending before a court." *Id.* (citing *In re Yarn Processing Patent Validity Litig.*, 530 F.2d 83, 88 (5th Cir. 1976) (collecting cases); *Tizes v. Curico*, No. 94 C 7657, 1997 WL 116797, at *2 (N.D. Ill. Mar. 12, 1997)). Although the rule is not absolute,[2] "courts in this circuit have made clear that the interests protected by Rule 1.7 are the crux of the standing issue." *Id.* at 892. As such, "the proper party to raise the conflict of

---

[2] "The Seventh Circuit has not staked out a clear position on the issue of standing to bring disqualification motions." *Id*. Several district courts from the Southern District of Indiana have concluded that opposing counsel may properly raise the question where the conflict "was sufficiently grave to undermine the court's inherent interest in preserving 'the fair or efficient administration of justice.'" *Id*. at 892 (citing *Emmis Operating Co. v. CBS Radio, Inc.*, 480 F. Supp. 2d 1111, 1116 (S.D. Ind. 2007); *Leathermon v. Grandview Mem'l Gardens, Inc.*, No. 4:07-cv-137, 2010 WL 1381893, at *1 n.1 (S.D. Ind. Mar. 31, 2010)). Several district courts from the Northern District of Illinois have concluded the same where the conflict "is such as clearly to call in question the fair or efficient administration of justice." *Id*. (citing *Blanchard v. EdgeMark Fin. Corp.*, 175 F.R.D. 293, 306 (N.D. Ill. 1997); *Tizes*, 1997 WL 116797, at *2; *Thomas & Betts Corp. v. Panduit Corp.*, No. 93 C 4017, 1995 WL 319635, at *1 (N.D. Ill. May 25, 1995)).

interest issue, in a motion to disqualify counsel, is the party that [Rule 1.7] was intended to protect—the client or the former client." *Id*. (alteration in original) (quoting *Tizes*, 1997 WL 116797, at *2); *see also Perkins v. Cook Cnty.*, No. 09 C 4930, 2010 WL 747570, at *2 (N.D. Ill. Mar. 2, 2010).

Here, Rogers is not a former or current client of Pautler, Jones, Arthur, or the IAG's Office. Rather, the current clients of the IAG's Office are the State Defendants, and Pautler's former clients are the medical professionals she defended in the state court case. Generally, "an adversary party lies outside the protective scope of the conflict rules, and thus lacks standing to bring a disqualification motion." *Mills*, 992 F. Supp. 2d at 892 (citing *In re Sandahl*, 980 F.2d 1118, 1121 (7th Cir. 1992); *Blanchard*, 175 F.R.D. at 306).

In any event, regardless of the standing issue, Rogers has not shown that an actual conflict of interest exists in this matter. To explain, Rule 1.7(a) provides in relevant part:

> [A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

Ind. R. of Prof'l Conduct 1.7(a). To reiterate, Rogers has not shown that he has ever been a client of Pautler's. Nor has he shown that he is "a third person" to whom Pautler owed responsibilities contemplated by Rule 1.7, "such as fiduciary duties arising from a lawyer's service as a trustee, executor or corporate director." Ind. R. of Prof'l Conduct 1.7 cmt. 9.

Furthermore, the fact that Rogers submitted a consumer complaint about Parkview to the Indiana Attorney General's Consumer Protection Division does not make him a client of the IAG's Office to create a conflict of interest under Rule 1.7. The IAG's Office prosecutes and

defends all suits by or against the State of Indiana. Ind. Code § 4-6-2-1(a). The website of the Consumer Protection Division specifically informs a consumer filing a consumer complaint that the Attorney General cannot act as his or her private attorney and that the consumer should seek legal advice from a private attorney. *See* http://www.in.gov/attorneygeneral/2434.htm (last visited February 16, 2017). Thus, the fact that Rogers submitted a consumer complaint to another division of the IAG's Office does not give rise to an attorney-client relationship.

Rogers did allude to one applicable rule, however. Rule 1.11 addresses conflicts of interest for former and current government attorneys. Although Rogers cited subsection (a) pertaining to former government attorneys, Pautler is *currently* employed by the government, and thus, subsection (d) applies. Rule 1.11(d) provides, in relevant part:

> A lawyer currently serving as a public officer or employee:
> (1) is subject to Rules 1.7 and 1.9; and
> (2) shall not:
> (i) participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovermental employment, unless the appropriate governmental agency gives its informed consent, confirmed in writing . . . .

Ind. R. of Prof'l Conduct 1.11(d). Here, Rogers simply speculates that Pautler has "participated" in this case; however, he has provided no evidence to suggest that is the case. And even if Pautler did participate in this case, such a conflict would be waivable by the governmental agency pursuant to Rule 1.11(d)(2)(i).

Furthermore, contrary to Rogers's assertions, any conflict of interest Pautler may have under Rule 1.11(d) is not imputable to Jones and the IAG's Office. Comment 2 to Rule 1.11 specifically provides that Rule 1.10, which imputes a lawyer's conflict of interest to his or her law firm, is not applicable to the conflicts of interest addressed by Rule 1.11(d). Ind. R. Prof'l Conduct 1.11 cmt. 2 ("Because of the special problems raised by imputation within a

6

government agency, paragraph (d) does not impute the conflicts of a lawyer currently serving as an officer or employee of the government to other associated government officers or employees, although ordinarily it will be prudent to screen such lawyers."). Consequently, Rogers's assertion that Jones and the IAG's Office must be disqualified under Rule 1.10 based on Pautler's alleged conflict of interest under Rule 1.11 is without basis.

As a final matter, Rogers's claim that Pautler has a conflict because she has kept abreast of the occurrences in the state case after she joined the IAG's Office also is not grounds for disqualification. He has not alleged that she received anything that was not public. Pautler's receipt of information that is publicly available does not create a conflict of interest under the Indiana Rules of Professional Conduct.

To reiterate, disqualification is a "drastic measure" that the Court will impose only when absolutely necessary. *Mills*, 992 F. Supp. 2d at 890. Here, Rogers has failed to carry his burden of concretely establishing a need to disqualify Jones and the IAG's Office. Consequently, his motion to disqualify will be DENIED.

### III. CONCLUSION

For the foregoing reasons, Rogers's "Motion to Disqualify Attorney General's Office from Representing the Defendants Stemming from Conflict of Interest" is **DENIED**. [DE 11].

**SO ORDERED**.

Dated this 17th of February, 2017.

S/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
