UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DEXTER ROGERS, Individually and as Personal Representative of the ESTATE OF CARRIE BELL ROGERS and as Personal Representative of the ESTATE OF PREMIUS ROGERS,<br><br>    Plaintiff,<br><br>    v.<br><br>THE OFFICE OF THE ATTORNEY GENERAL, JENNIFER PRUITT, KELLY PAUTLER, and CHIEF JUDGE CRAIG BOBAY,<br><br>    Defendants. | CAUSE NO.: 1:16-CV-429-TLS |

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss [ECF No. 34], filed by the Defendants Jennifer Pruitt, Kelly Pautler, Chief Judge Craig Bobay, and the Office of the Attorney General (collectively "the Defendants") on March 27, 2017, pursuant to Federal Rule of Civil Procedure 12(b)(6). The pro se Plaintiff, Dexter Rogers, Individually and as Personal Representative of the Estate of Carrie Bell Rogers, and as Personal Representative of the Estate of Premius Rogers, filed the Amended Complaint [ECF No. 29] against the Defendants on February 22, 2017, which stems from their conduct relating to a consumer complaint that he filed in state court.

Also pending before the Court are the Plaintiff's Motion for a Hearing Pursuant to Local Rule 65-1 [ECF No. 43], a Motion to Disqualify Magistrate Judge Pursuant to 28 U.S.C. § 455 [ECF No. 42], and a Motion to Vacate Pursuant to Federal Rule of Civil Procedure 60(d)(1)(3) [ECF No. 41]. For the reasons stated in this Opinion and Order, the Court grants the Defendants'

Motion to Dismiss, denies the Plaintiff's Motion for a Hearing, and terms the Motion to Disqualify and the Motion to Vacate as moot.

## COMPLAINT ALLEGATIONS

The Amended Complaint stems from a consumer complaint regarding the death of the Plaintiff's mother, initiated by the Plaintiff on November 14, 2014. The Plaintiff alleges that the Defendants violated Indiana rules and procedure, discriminated against him because of his race and pro se status, and denied him access to the courts. Accordingly, the Plaintiff filed suit in federal court, invoking Title VI of the Civil Rights Act of 1962, 42 U.S.C. § 2000d *et seq.*, as the grounds for relief.[1] The statute provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." *Id.* § 2000d. The Amended Complaint seeks declaratory, injunctive, and compensatory relief, and attorney's fees.

According to the Amended Complaint, Defendant Pruitt is a case analyst with the Office of the Attorney General who was, at one point or another, assigned to handle the Plaintiff's consumer complaint. The Plaintiff alleges that he tried to follow up on the status of his consumer complaint throughout 2015 and 2016, but he was ignored. Finally, on "October 19, 2016, . . . [Defendant] Pruitt answered via email that the Plaintiff's case was closed on September 14, 2015." (Am. Compl. ¶ 15, ECF No. 29.) The Plaintiff alleges that the "Office of the Attorney General failed to conduct a thorough investigation into his claim stemming from his race, pro se

---

[1] The Court notes that the Plaintiff has filed three separate lawsuits within the Northern District of Indiana—including the present lawsuit—that all allege Title VI claims. *See Rogers v. Allen County Superior Court, et al.*, No. 1:16-CV-40 (N.D. Ind. 2016); *Rogers v. Indiana Supreme Court, et al.*, No. 1:16-CV-364 (N.D. Ind. 2016). The Plaintiff's allegations in each case arise from the death of his mother, his consumer complaint, and events thereafter.

status, and the fact that he's filed Title VI claims" in other cases against the Indiana state judiciary. (*Id.* ¶ 20.)

In addition, the Plaintiff alleges that Defendant Paulter was opposing counsel in a 2014 medical malpractice case in which he was the Plaintiff before she was hired into the Office of the Attorney General. The Plaintiff argues that Defendant Paulter was "purposely sent highly material information" about his pending consumer complaint. (*Id.* ¶ 43.) Possessing this information was allegedly a conflict of interest that necessitated recusal (*Id.* ¶¶ 57–65), and as a result Defendant Paulter essentially undermined the Office of the Attorney General's investigation into his consumer complaint, "engage[d] in *ex parte* communications, inflict[ed] racial animus, and collude[ed] to harm the Plaintiff" (*Id.* ¶ 65).

Finally, Chief Judge Bobay was appointed to preside over one of the Plaintiff's state law cases, allegedly because Chief Judge Bobay and opposing counsel in one of the Plaintiff's civil claims "engaged in reasonably inferred *ex parte* communications to ensure his appointment." (*Id.* ¶ 80.) On October 10, 2016, the Plaintiff filed a motion to recuse Chief Judge Bobay, because of the aforementioned reasons and because one of the Plaintiff's state law claims was against the Allen Superior Court. (*See id.* ¶¶ 73–76, 82.) Chief Judge Bobay declined to recuse himself on October 18, 2016, and the Plaintiff's subsequent appeals of that decision were unsuccessful. (*See id.* ¶¶ 86–91.) The Plaintiff alleges that Chief Judge Bobay's actions have denied him due process and access to the courts, and that his race was the motivating factor behind these actions.

## STANDARD OF REVIEW

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se complaints are to be liberally construed and are held to a less stringent standard than pleadings drafted by lawyers, *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013), and a court may also consider facts alleged in a pro se plaintiff's brief in opposition to a motion to dismiss when considering the sufficiency of the complaint (if the facts are "consistent with the allegations in the complaint"), *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015), the factual allegations in the complaint must nevertheless be enough to raise a right to relief above a speculative level, *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true at the pleading stage, but "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *Adams*, 742 F.3d at 728 (internal citations omitted).

## ANALYSIS

The Defendants assert that they are entitled to dismissal because: (1) the individuals named are not subject to suit under Title VI and (2) the Amended Complaint fails to comply with Rule 8 and/or fails to state a claim upon which relief can be granted. In his Response [ECF No. 36], the Plaintiff "stands by all allegations that were substantiated by facts that were submitted within his initial pleadings." (Resp. 1, ECF No. 36.) The Court addresses these arguments below.

**A.     The Individual Defendants Are Not Subject to Suit Under Title VI.**

The Defendants argue that they are not subject to suit under Title VI of the Civil Rights Act because they are not recipients of federal funds. Although neither the United States Supreme

Court nor the Seventh Circuit have addressed this specific question, the answer can be found in a different provision of the Civil Rights Act. Title IX of the Civil Rights Act "was modeled after Title VI of the Civil Rights Act" and that the "two operate in the same manner," *Gebser v. Lago Vista Indep. Sch. Dist.,* 524 U.S. 274, 286 (1998), which means that "a decision with respect to one statute applies to the other statute," *C.S. v. Couch*, 843 F. Supp. 2d 894, 905 n.14 (N.D. Ind. 2011); *Doe v. Galster*, No. 09-C-1089, 2011 WL 2784159, *6 (E.D.Wis. July 14, 2011). A "Title IX claim can only be brought against a grant recipient and not an individual." *Smith v. Metro. Sch. Dist. Perry Twp.,* 128 F.3d 1014, 1019–20 (7th Cir. 1997) (discussing Congress' rationale for limiting private rights of action under Title IX). Accordingly, a plaintiff may not bring a Title VI claim against an individual who is not a recipient of federal grant monies. *See Couch*, 843 F. Supp. 2d at 905 n.14; *Roger C. ex rel. Gilbert v. Valley View Pub. Sch. Dist. No. 365–U,* No. 08 C 1254, 2008 WL 4866353, *8 (N.D. Ill. June 23, 2008) ("Because Section 2000d prohibits discrimination by recipients of federal funding, . . . individual defendants cannot be held liable for violations of Title VI.").

      The allegations in the Complaint do not show that the individual Defendants are recipients of Title VI funds, and the Plaintiff did not offer any argument to the contrary in his Response. Further, the mere fact that the Defendants are employed by the government (albeit the State) does not mean that they are recipients of federal funds. Under Seventh Circuit precedent, the individually named Defendants are not subject to suit under § 2000d. Accordingly, the Court grants the Defendants' Motion to Dismiss as to Defendants Jennifer Pruitt, Kelly Paulter, and Chief Judge Craig Bobay.

## B.     Compliance with Federal Rule of Procedure 8

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Court assumes that the Office of the Attorney General may be sued under Title VI for purposes of this Motion. Nevertheless, the Amended Complaint fails to provide clear factual allegations suggesting entitlement to relief under Title VI. The Plaintiff's apparent legal theory is that the Office of the Attorney General discriminated against him, both on the basis of his race and his pro se filing status, when it failed to pursue his consumer complaint to his satisfaction. The Plaintiff provides a detailed narrative account of his interactions with the Office of the Attorney General, its employees, and with his proceedings in front of Chief Judge Bobay, which shows that his consumer complaint was ultimately denied. Interspersed within this narrative are allegations that when someone did not take action that the Plaintiff found favorable, that offending person "[wa]s the epitome of bias and bigotry." (*See, e.g.*, Compl. ¶ 63.) But such statements are just "allegations in the form of legal conclusions," which the Court must disregard in determining a Motion to Dismiss. *Adams*, 742 F.3d at 728. Absent factual allegations to support his legal conclusions, the Plaintiff's entitlement to relief does not rise above the "merely speculative" level. *Tamayo*, 526 F.3d at 1083.

For this reason, the Court will grant the Motion to Dismiss, but the dismissal will be without prejudice and with leave to file a second amended complaint within to the extent the Plaintiff is able to cure the defects identified above as to the Office of the Attorney General. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."); *see also Carmody v. Bd. of Trustees of Univ. of Ill.*, 747 F.3d 470, 480 (7th Cir. 2014) ("In general, a district court should freely give leave to amend to cure curable defects, at least where there is no undue delay or undue prejudice to the opposing party."). Having found that the Amended Complaint should be dismissed, the Court finds that no hearing is necessary and declines to exercise its discretion to hold such a hearing.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion to Dismiss of the Defendants [ECF No. 34]. The Court **GRANTS** the Plaintiff until July 28, 2017, to file a second amended complaint that cures the defects identified as to the Office of the Attorney General. Because the Plaintiff's Amended Complaint is dismissed, the Court **DENIES** the Motion for a Hearing Pursuant to Local Rule 65-1 [ECF No. 43], **TERMS AS MOOT** the Motion to Disqualify Magistrate Judge Pursuant to 28 U.S.C. § 455 [ECF No. 42], and **TERMS AS MOOT** the Motion to Vacate Pursuant to Federal Rule of Civil Procedure 60(d)(1)(3) [ECF No. 41].

SO ORDERED on July 5, 2017.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT